# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

SHELMONTAY JERMARE ADAMS,                                                  Plaintiff,

v.                                                                          Civil Action No. 3:18-cv-P484-DJH

HARDIN COUNTY MEDICAL et al.,                                          Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Shelmontay Jermare Adams filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the named Defendants will be dismissed, and Plaintiff will be given an opportunity to amend his complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is being housed at the Hardin County Detention Center (HCDC) on behalf of Nelson County. He names as Defendants HCDC "Medical," Nelson County, and Southern Health Partners (SHP). He alleges that Nelson County "is to pay for my medical and has agreed to pay for all my medical." He alleges that HCDC has taken money from him but has not treated him for his medical problems. He states that he "did not receive any treatment for my health until Nelson County came and took me to the doctor. Then Hardin County had givin me medication that was givin to them from the doctor. I only receive this for a[] week which helped me with my problem but caused more problems." He further states, "I have put in multiple medical slips for mental and medical problems I am still having . . . . It's been 2 months since I was spoken to and I still have not received any medical attention . . . ."

As relief, Plaintiff requests $500,000.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Hardin County "Medical"*

A jail or prison medical department is not a "person" within the meaning of § 1983. *See, e.g.*, *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that a state prison's medical department is not a "person" under § 1983); *Hay v. Cuyahoga Jail Med. Dep't*, No. 1:11 CV 2652, 2012 WL 262582, at *2 (N.D. Ohio Jan. 27, 2012) (dismissing claim against county jail medical department for same reason). Thus, Plaintiff's claims against Hardin County "Medical" will be dismissed for failure to state a claim upon which relief may be granted.

*Nelson County*

When a § 1983 claim is made against a municipality, like Nelson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of

the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged a custom or policy with regard to Nelson County. Therefore, the claim against Nelson County will be dismissed.

*Southern Health Partners*

Based on the complaint, the Court presumes that SHP is a private entity which contracts with HCDC to provide medical care to inmates. "The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation." *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Plaintiff does not allege a custom or policy of SHP that violated his constitutional rights. Therefore, the claim against SHP also is subject to dismissal.

**However, the Court will afford Plaintiff an opportunity to amend his complaint to name the individual(s) who is/are responsible for the alleged constitutional deprivation involving denial of medical treatment and to describe the facts surrounding how each individual allegedly violated his rights**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint with respect to the denial-of-medical-treatment claim**. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint. **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing this action for the reasons stated herein**.

Date: December 21, 2018

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
4415.009